IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY P. TURNER                                                                                       PLAINTIFF

V.                                    CASE NO. 5:19-CV-59-BSM-BD

TAYLOR                                                                                                DEFENDANT

### RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Mr. Turner may file written objections with the Clerk of Court if he disagrees with the Recommendation's findings or conclusion. To be considered, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Turner does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.  Discussion:**

A.  Background

Jimmy P. Turner, an inmate at the W.C. "Dub" Brassell Adult Detention Center ("Detention Center"), filed this civil rights lawsuit without the help of a lawyer on behalf of himself, and two other inmates, Darrell Hampton and Mark Sykes. Each Plaintiff has been given the opportunity to pursue their own claims in separate lawsuits.

In Mr. Turner's complaint, he alleges that: on January 29, 2019, he was placed on lockdown without being provided disciplinary papers; Defendant Taylor verbally threatened him; an unknown officer tightened his handcuffs leaving a mark on his arm; he was denied dinner on one occasion; he has been forced to sleep on a top bunk despite his disabilities; the Detention Center cells are overcrowded; and he has experienced significant weight loss over the past six years.

B.  Standard

The Prison Litigation Reform Act requires federal courts to review complaints filed by prisoners before ordering service of process and to dismiss claims that do not state a claim for relief. 28 U.S.C. § 1915A(b). The Court has reviewed the complaint in this case and has liberally construed Mr. Turner's allegations. Even if all allegations in the complaint are true, Mr. Turner has not stated a federal claim for relief.

C.  Due Process

Under current law, a prisoner's due process rights are triggered only if he has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). A prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin*, 515 U.S. at 484, 487. Here, Mr. Turner alleges that he was placed on lock down without being served disciplinary papers. It is unclear whether Mr. Turner remains on lockdown, but even assuming that he is, temporary changes in the conditions of his confinement do not implicate a liberty interest that would invoke the

2

protection of the Due Process Clause.[1] *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).

D. Verbal Harassment

In his complaint, Mr. Turner alleges that Defendant Taylor verbally threatened to physically harm him. While the Court does not condone threatening or unprofessional conduct, Mr. Turner's allegations, even if true, do not state a federal claim for relief. Verbal abuse and mere threatening language cannot support a constitutional claim. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); and *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that verbal threats and name calling is not actionable under § 1983).

E. False Disciplinary

In addition, Mr. Turner alleges that Defendant Taylor charged him with a false disciplinary. Even if this allegation is true, the issuance of a false disciplinary, without

---

[1] According to Mr. Turner, on January 29, 2019, he was placed on lockdown. Ten days later he filed his complaint in this lawsuit. (#2)

more, does not rise to the level of a constitutional violation. *Williams v. Horner*, 403 Fed App'x 138, 140 (8th Cir. 2010) (*per curiam*); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986)).

    F.  Excessive Force

Mr. Turner also alleges that an unknown Detention Center officer "tightened up his handcuffs and left a mark on my arm." (#2 at p.4) The application of handcuffs, however, does not amount to excessive force unless it results in more than minor injuries. *Haning v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005) (citing *Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003)). Allegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are not sufficient to support an excessive force claim. *Id.* (citing *Foster v. Metropolitan Airports Commission*, 914 F.2d 1076 (8th Cir. 1990)).

Here, Mr. Turner has not alleged that he suffered any more than minor injuries as the result of being handcuffed. Furthermore, he does not allege that he complained to the officer that the handcuffs were too tight. Even if the handcuffs left a mark on Mr. Turner's arm, the injury was not serious enough to rise to the level of a constitutional violation.

    G.  Conditions-of-Confinement

Finally, in his complaint, Mr. Turner alleges that: he was denied dinner on one occasion; he has been forced to sleep on a top bunk despite his disabilities; the Detention Center cells are overcrowded; and he has experienced significant weight over the previous six years.

While the Constitution "does not mandate comfortable prisons," inmates are protected from "extreme deprivations" that deny "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). An inmate can claim damages for conditions that pose "an excessive risk to inmate health or safety." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing F*armer v. Brennan,* 511 U.S. 825, 835 (1994)). Conditions, however, must be sufficiently serious for the court to examine whether prison officials acted with deliberate indifference to the conditions. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, other than Mr. Turner's allegation that he has experienced significant weight loss, he has not alleged that he has suffered any injury as a result of the other conditions of his confinement. Accordingly, based on his own allegations, the Court cannot conclude that these conditions pose a serious threat to Mr. Turner's health or safety, and his allegations do not support a constitutional claim.

Mr. Turner states that he is "ADC property" and has lost 34 pounds over the past six years. (*Id*. at p.5) It is unclear when Mr. Turner began his incarceration at the Detention Center. In his complaint, he alleges only that he has missed one meal since he has been held at the Detention Center. While Mr. Turner could state an eighth amendment claim by alleging that he has suffered "significant weight loss or other adverse physical effects from lack of nutrition," Mr. Turner cannot credibly allege that he experienced significant weight loss as the result of missing one meal. *Ingrassia v. Schafer*, 825 F.3d 891, 899 (8th Cir. 2016). See also *Davis v. Missouri*, 389 Fed. App'x 579 (8th Cir. 2010) (*per curiam*) (allegations supported an eighth amendment claim when

a prisoner alleged that he lost weight as a result of being fed a nutritionally inadequate diet); *Day v. Norris*, 219 Fed. App'x 608 (8th Cir. 2007) (*per curiam*) (same).

### III. **Conclusion:**

The Court recommends that Mr. Turner's claims be DISMISSED, without prejudice. In addition, the Court recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that Judge Miller find that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 13th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE